**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RAYSHELL S. JOHNSON,

Plaintiff,

v. 5:26-cv-01475 (AMN/DJS)

ST. COPE MARINNES HEALTH CLINIC,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**RAYSHELL S. JOHNSON**
3720 S. Salina St.
Apt. #1
Syracuse, NY 13205
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On July 31, 2026, plaintiff *pro se* Rayshell S. Johnson ("Plaintiff") commenced this action against defendant St. Cope Marinnes Health Clinic ("Defendant"), alleging violations of her rights. Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who granted Plaintiff's motion to proceed IFP, Dkt. No. 4, and reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 5 ("Report-Recommendation"). Magistrate Judge Stewart recommended that

this Court dismiss the Complaint with leave to amend. *Id.* at 7.[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Stewart advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* No party has filed objections, and the time for filing objections has expired. *See generally* Dkt.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart recommended that the Court dismiss Plaintiff's Complaint because it "fails to clearly articulate the precise nature of Plaintiff's factual and legal claims against the named Defendant." Dkt. No. 5 at 4. Magistrate Judge Stewart noted that the Complaint uses a form complaint for employment discrimination actions pursuant to Title VII of the Civil Rights Act of 1964, but does not allege that Plaintiff was an employee of Defendant. *Id.* at 3. Instead, the Complaint alleges that Defendant denied Plaintiff medical care based on her race, religion, sex, and national origin on July 30, 2026. *Id.* (citing Dkt. No. 1 at 2-3). Magistrate Judge Stewart also noted that the Complaint includes "several exhibits regarding [Plaintiff] being banned from the Syracuse Library and criminal charges lodged against her." *Id.* at 3-4 (citing to Dkt. No. 1-1). As such, Magistrate Judge Stewart found that the Complaint fails to provide Defendant with proper

notice as to Plaintiff's claims against it and thus fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *Id*. at 4. Magistrate Judge Stewart also noted that the Complaint did not state Plaintiff's claims in "'numbered paragraphs' with 'each claim founded on a separate transaction or occurrence'" such that the Court could discern the factual and legal basis of the allegations. *Id.* at 5 (quoting FED. R. CIV. P. 10(b)). Thus, Magistrate Judge Stewart also found that the Complaint fails to comply with Rule 10 of the Federal Rules of Civil Procedure. *Id*.

However, in consideration of Plaintiff's *pro se* status, Magistrate Judge Stewart recommended that Plaintiff be granted leave to amend her Complaint and advised, among other things, that any such amended complaint must contain sequentially numbered paragraphs and must clearly state the nature of the suit and the basis for the Court's jurisdiction, as well as Plaintiff's legal causes of action and the act(s) of misconduct about which she complains. *Id.* at 6.

After review, the Court finds no clear error in Magistrate Judge Stewart's findings or recommendations. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, be **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiffs' Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 11, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge